UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SWIFT SPINDRIFT LTD.,

                                Plaintiff,          09 CV 9342  09 CV

-v-
                                                    **COMPLAINT**

ALVADA INSURANCE INC., LLOYD'S  SYNDICATE
LIB 4472, LLOYD'S SYNDICATE CSL 1084,
LLOYD'S SYNDICATE SPL 5000, LLOYD'S
SYNDICATE ARK 4020, LLOYD'S SYNDICATE MLM
1221, LLOYD'S SYNDICATE WTK 457, LLOYD'S
SYNDICATE BRT 2987, LLOYD'S SYNDICATE
CNP 4444, LLOYD'S SYNDICATE ARG 2121,
LLOYD'S SYNDICATE AFB 2623, LLOYD'S
SYNDICATE AFB 623, ARCH INSURANCE
COMPANY (EUROPE) LTD. and ROYAL & SUN
ALLIANCE (hereinafter "Seascope Policy Defendants");
ROYAL & SUN ALLIANCE, ALLIANZ, BRIT
INSURANCE-SYNDICATE 2987, LLOYD'S
SYNDICATE 1414 RTH, ARGONAUT, GENERALI,
NATIONAL LIABILITY AND FIRE INSURANCE
COMPANY, STARR MARINE AGENCY, NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA, AIG GLOBAL MARINE, RSA 3319,
ALLIANZ GLOBAL CORPORATE & SPECIALITY AG,
ASSICURZAIONI GENERALI S.P.A. UK BRANCH,
INTERNATIONAL GENERAL INSURANCE CO. LTD.,
and, ARGONAUT INSURANCE CO., (hereinafter
"B&P International Policy Defendants"),

                                Defendants.
-------------------------------------------------------------------x



        Plaintiff, SWIFT SPINDRIFT LTD., by its attorneys, CHALOS, O'CONNOR &

DUFFY, L.L.P., as and for its Complaint against the below named Defendants for the

"Seascope" brokered Policy of Insurance, ALVADA INSURANCE INC., LLOYD'S

SYNDICATE LIB 4472, LLOYD'S SYNDICATE CSL 1084, LLOYD'S SYNDICATE

SPL 5000, LLOYD'S SYNDICATE ARK 4020, LLOYD'S SYNDICATE MLM 1221,

LLOYD'S SYNDICATE WTK 457, LLOYD'S SYNDICATE BRT 2987, LLOYD'S

SYNDICATE CNP 4444, LLOYD'S SYNDICATE ARG 2121, LLOYD'S

SYNDICATE AFB 2623, LLOYD'S SYNDICATE AFB 623, ARCH INSURANCE

COMPANY (EUROPE) LTD., and ROYAL & SUN ALLIANCE, (the "Seascope Policy

Defendants"), as well as for its Complaint against the below named Defendants for the

"B&P International" brokered Policy of Insurance, ROYAL & SUN ALLIANCE,

ALLIANZ, BRIT INSURANCE- SYNDICATE 2987, LLOYD'S SYNDICATE 1414

RTH, ARGONAUT, GENERALI, NATIONAL LIABILITY AND FIRE INSURANCE

COMPANY, STARR MARINE AGENCY, NATIONAL UNION FIRE INSURANCE

COMPANY OF PITTSBURGH, PA, AIG GLOBAL MARINE, RSA 3319, ALLIANZ

GLOBAL CORPORATE & SPECIALITY AG, ASSICURZAIONI GENERALI S.P.A.

UK BRANCH, INTERNATIONAL GENERAL INSURANCE CO. LTD., and

ARGONAUT INSURANCE CO., (the "B&P International Policy Defendants"), alleges

as follows:

### JURISDICTION AND VENUE

1.  The Court has subject matter jurisdiction by virtue of the fact that the

underlying claim herein is an admiralty and maritime claim within the meaning of Rule

9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime

jurisdiction of this Court pursuant to 28 U.S.C. § 1333.

2.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 as the

defendants have consented to have this matter heard in this District and have further

consented to receive service of process through an agent that maintains its office within

this District.

## THE PARTIES

### PLAINTIFF

3.      Plaintiff, SWIFT SPINDRIFT LTD., is a Liberian corporation with a registered office in Monrovia, Liberia.

4.      Plaintiff is the owner of ocean-going vessel, M/V SWIFT SPINDRIFT, which transports cargo in exchange for payments of hire or freight.

### SEASCOPE POLICY DEFENDANTS

5.      Defendant ALVADA INSURANCE INC., is a foreign corporation which underwrites marine insurance policies, with a registered office in Monrovia, Liberia.

6.      Defendant LLOYD'S SYNDICATE LIB 4472 is a foreign insurance syndicate that underwrites marine insurance policies, with a principal place of business in London, England.

7.      Defendant LLOYD'S SYNDICATE CSL 1084 is a foreign insurance syndicate that underwrites marine insurance policies, with a principal place of business in London, England.

8.      Defendant LLOYD'S SYNDICATE SPL 5000 is a foreign insurance syndicate that underwrites marine insurance policies, with a principal place of business in London, England.

9.      Defendant LLOYD'S SYNDICATE ARK 4020 is a foreign insurance syndicate that underwrites marine insurance policies, with a principal place of business in London, England.

10.     Defendant LLOYD'S SYNDICATE MLM 1221 is a foreign insurance syndicate that underwrites marine insurance policies, with a principal place of business in London, England.

11.     Defendant LLOYD'S SYNDICATE WTK 457 is a foreign insurance syndicate that underwrites marine insurance policies, with a principal place of business in London, England.

12.     Defendant LLOYD'S SYNDICATE BRT 2987 is a foreign insurance syndicate that underwrites marine insurance policies, with a principal place of business in London, England.

13.     Defendant LLOYD'S SYNDICATE CNP 4444 is a foreign insurance syndicate that underwrites marine insurance policies, with a principal place of business in London, England.

14.     Defendant LLOYD'S SYNDICATE ARG 2121 is a foreign insurance syndicate that underwrites marine insurance policies, with a principal place of business in London, England.

15.     Defendant LLOYD'S SYNDICATE AFB 2623 is a foreign insurance syndicate that underwrites marine insurance policies, with a principal place of business in London, England.

16.     Defendant LLOYD'S SYNDICATE AFB 623 is a foreign insurance syndicate that underwrites marine insurance policies, with a principal place of business in London, England.

17.     Defendant ARCH INSURANCE COMPANY (EUROPE) LTD. is a foreign corporation which underwrites marine insurance policies, with a principal place of business in London, England.

18.     Defendant, ROYAL & SUN ALLIANCE, is a foreign corporation that underwrites marine insurance policies, with a principal place of business in London, England.

19.     Pursuant to the terms of the policy of insurance, Seascope Policy Defendants have appointed the law firm of Mendes & Mount, LLP 750 Seventh Avenue, New York, NY 10019, to accept service of process on their behalf.

20.     The Seascope Policy Defendants have consented to a New York Choice of Law provision and the jurisdiction of New York courts for all disputes arising under the policy of insurance.

### B&P INTERNATIONAL POLICY DEFENDANTS

21.     Defendant, ROYAL & SUN ALLIANCE, is a foreign corporation that underwrites marine insurance policies, with a principal place of business in London, England.

22.     Defendant ALLIANZ, is a foreign corporation that underwrites marine insurance policies, with a principal place of business in Munich, Germany.

23.     Defendant, BRIT INSURANCE- SYNDICATE 2987 is a foreign insurance syndicate that underwrites marine insurance policies, with a principal place of business in London, England.

24.     Defendant LLOYD'S SYNDICATE 1414 RTH is a foreign insurance syndicate that underwrites marine insurance policies, with a principal place of business in London, England.

25.     Defendant GENERALI is a foreign corporation which underwrites marine insurance policies, with a principal place of business in Trieste, Italy.

26.     Defendant ARGONAUT is a corporation formed pursuant to the law of Illinois which underwrites marine insurance policies, with a principal place of business in Redwood City, California.

27.     Defendant NATIONAL LIABILITY AND FIRE INSURANCE COMPANY is a corporation formed pursuant to the laws of Connecticut which underwrites marine insurance policies, with a principal place of business in Stamford, Connecticut.

28.     Defendant STARR MARINE AGENCY is a domestic corporation which underwrites marine insurance policies, with a principal place of business in New York, New York.

29.     Defendant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA is a corporation formed pursuant to the laws of Pennsylvania which underwrites marine insurance policies, with a principal place of business in New York, New York.

30.     Defendant AIG GLOBAL MARINE is a foreign corporation which underwrites marine insurance policies, with a principal place of business in New York, New York.

31.     Defendant RSA 3319 is a foreign insurance syndicate which underwrites marine insurance policies.

32.     Defendant ALLIANZ GLOBAL CORPORATE & SPECIALITY AG is a foreign corporation which underwrites marine insurance policies, with a principal place of business in Munich, Germany.

33.     Defendant ASSICURZAIONI GENERALI S.P.A. UK BRANCH is a foreign corporation which underwrites marine insurance policies, with a principal place of business in Trieste, Italy.

34.     Defendant INTERNATIONAL GENERAL INSURANCE CO. LTD. is a foreign corporation which underwrites marine insurance policies, with a principal place of business in Amman, Jordan.

35.     Defendant ARGONAUT INSURANCE CO., is a corporation formed pursuant to the law of Illinois which underwrites marine insurance policies, with a principal place of business in Redwood City, California.

36.     Pursuant to the terms of the policy of insurance, all B&P International Policy Defendants have appointed any senior partner of the law firm of Mendes & Mount, LLP, 750 Seventh Avenue, New York, NY 10019, to accept service of process on their behalf.

37.     The B&P International Policy Defendants have consented to a New York Choice of Law provision and the jurisdiction of New York courts for all disputes arising under the policy of insurance.

## GENERAL ALLEGATIONS

38.      On or about November 9, 2008, the vessel M/V SWIFT SPINDRIFT arrived at Tripoli, Libya from Argentina carrying 20,350 metric tons of corn for discharge at Tripoli.

39.      On November 16, 2008, the M/V SWIFT SPINDRIFT began discharging its cargo of corn to the receiver of the cargo listed in the Bill of Lading, Tasharkiat Green Valley Animal Feed Ltd. (hereinafter "Tasharkiat"), a Libyan corporation.

40.      On November 23, 2008, when discharging operations were almost completed, the vessel was arrested by order of the North Tripoli Court of First Instance. A true and correct copy of the Writ of Arrest with a true and correct translation of this pleading from Arabic to English is attached hereto and made part of the complaint as Exhibit "A".

41.      The Writ of Arrest was issued upon the application of the cargo's receiver, Tasharkiat. A true and correct copy of the Application for a Writ of Arrest with a true and correct translation of this pleading from Arabic to English is attached hereto and made part of the complaint as Exhibit "B".

42.      On or about November 26, 2008, the North Tripoli Court of First Instance issued an Order requiring SWIFT SPINDRIFT LTD. to post security in the amount of US$1.6 million, in the form of a bank guarantee, in order to obtain the release the M/V SWIFT SPINDRIFT from the Writ of Arrest.

43.      On January 20, 2009, a standby irrevocable letter of credit in the amount of US$1.6 million, issued by Citibank N.A., was posted by SWIFT SPINDRIFT LTD. A

true and correct copy of this irrevocable letter of credit is attached hereto and made part of the complaint as Exhibit "C".

44.     Despite the posting of the irrevocable standby letter of credit as ordered by the North Tripoli Court of First Instance, the M/V SWIFT SPINDRIFT has, to date, been unlawfully detained by the Libyan authorities and continues to remain at the Port of Tripoli, Libya.

45.     From December 2008 to April 2009, SWIFT SPINDRIFT LTD. made numerous applications and motions to the North Tripoli Court of First Instance for release of the vessel and its crew after the standby letter of credit was posted, none of which were granted despite full compliance by plaintiff, SWIFT SPINDRIFT LTD. with the Court's prior order to post a US$1,600,000.00 bank guarantee in the form of an irrevocable stand by letter of credit for the release of the vessel.

46.     Unable to obtain release of the vessel from the North Tripoli Court of First Instance, SWIFT SPINDRIFT LTD. appealed to the Tripoli Appeal Court the lower court's orders and judgment restraining the vessel and its crew.

47.     The M/V SWIFT SPINDRIFT has not been released, and the vessel remains unlawfully restrained and detained by the Libyan authorities in Libya.

48.     As a result of the unlawful detention and restraint by the Libyan authorities, plaintiff, SWIFT SPINDRIFT LTD., has been required to pay the wages of the detained crew since the vessel was first detained by the Libyan authorities, as well as provisions for the vessel, including, but not limited to fuel, diesel, water and victuals for the detained crew and vessel agency fees, all of which inured to the benefit of defendant underwriters in the preservation of the insured vessel. In addition, SWIFT SPINDRIFT

LTD. has also retained Libyan counsel to represent its interests in all proceedings before the North Tripoli Court of First Instance and the Tripoli Appeal Court, and SWIFT SPINDRIFT LTD. has incurred attorney's fees, disbursements and related costs associated with its efforts to preserve the insured vessel, which efforts inured to the benefit of defendant-underwriters.

49.     As a result of the unlawful detention and restraint by the Libyan authorities, plaintiff, SWIFT SPINDRIFT LTD. has lost the free use and disposal of the M/V SWIFT SPINDRIFT for a continuous period in excess of six (6) months.

50.     As a result of the unlawful detention and restraint by the Libyan authorities, plaintiff, SWIFT SPINDRIFT LTD. has been deprived of the possession of the M/V SWIFT SPINDRIFT, without any likelihood of recovery of the vessel for future use.

### AS AND FOR A FIRST CAUSE OF ACTION FOR BREACH OF THE CONTRACT OF MARINE INSURANCE AGAINST THE SEASCOPE POLICY DEFENDANTS

51.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "20" and "38" through "50" of the Verified Complaint as though set forth at length herein.

52.     In November 2008, non-party Seascope Insurance Services Ltd., acted as a broker for the procurement and placement of a Hull and Machinery, Increased Value, Anticipated Earnings and War Risk Insurance policy, Risk No. H01222/08/1, for the M/V SWIFT SPINDRIFT.

53.     On or about November 18, 2008, Seascope Insurance Services Ltd., on behalf of the subscribing underwriters to such policy ("the Seascope Policy Defendants")

executed and delivered to plaintiff, SWIFT SPINDRIFT LTD., policy of Hull and

Machinery, Increased Value, Anticipated Earnings and War Risk Insurance, Risk No.

H01222/08/1, providing that in consideration of the payment of the premiums specified

in the policy, the defendant ALVADA INSURANCE INC insured the M/V SWIFT

SPINDRIFT for an agreed value of $9,900,000.00.

54.     The policy of Hull and Machinery, Increased Value, Anticipated Earnings

and War Risk Insurance, Risk No. H01222/08/1 attached and covered the M/V SWIFT

SPINDRIFT from November 1, 2008 to December 31, 2008, which includes the period of

time when the vessel was initially wrongfully detained by the Libyan authorities.

55.     The policy of Hull and Machinery, Increased Value, Anticipated Earnings

and War Risk Insurance Risk No. H01222/08/1 is a maritime contract. A true and correct

copy of this Cover Note for this contract of marine insurance is attached hereto to and

made part of the complaint as Exhibit "D".

56.     Defendants, LLOYD'S SYNDICATE LIB 4472, LLOYD'S

SYNDICATE CSL 1084, LLOYD'S SYNDICATE SPL 5000, LLOYD'S SYNDICATE

ARK 4020, LLOYD'S SYNDICATE MLM 1221, LLOYD'S SYNDICATE WTK 457,

LLOYD'S SYNDICATE BRT 2987, LLOYD'S SYNDICATE CNP 4444, LLOYD'S

SYNDICATE ARG 2121, LLOYD'S SYNDICATE AFB 2623, LLOYD'S

SYNDICATE AFB 623, ROYAL & SUN ALLIANCE, and, ARCH INSURANCE

COMPANY (EUROPE) LTD., have reinsured defendant ALVADA INSURANCE

INC.'s obligations under the policy of Hull and Machinery, Increased Value, Anticipated

Earnings and War Risk Insurance, Risk No. H01222/08/1, and have assumed all of

ALVADA INSURANCE INC's obligations of the aforementioned policy of Hull and

Machinery, Increased Value, Anticipated Earnings and War Risk Insurance, including the agreed value of the vessel in the amount of $9,900,000.00.

57.     The policy of Hull and Machinery, Increased Value, Anticipated Earnings and War Risk Insurance Risk No. H01222/08/1 states, in relevant part, "In the event that the vessel shall have been the subject of capture, seizure, arrest, restraint, detainment, confiscation or expropriation, and the Assured, by reason thereof, has lost the free use and disposal of the Vessel for a continuous period of [six (6) months] (even though condemnation has not occurred), then for the purposes of ascertaining whether the Vessel is a constructive Total Loss, the Assured shall be deem to have been deprived of the possession of the Vessel without any likelihood of recovery." *See* Exhibit "D", at p. 7, 29.

58.     Despite the posting of the standby letter of credit as ordered by the North Tripoli Court of First Instance, the M/V SWIFT SPINDRIFT has not been released, and the vessel remains unlawfully restrained and detained in Libya by the Libyan authorities.

59.     At the time the M/V SWIFT SPINDRIFT was unlawfully restrained and detained, and at all relevant times thereafter, plaintiff, SWIFT SPINDRIFT LTD., had duly paid all the premiums according to the terms of the Seascope brokered policy of insurance; and the policy was in full force and effect.

60.     The M/V SWIFT SPINDRIFT was unlawfully restrained and detained for a period in excess of six (6) months, a peril covered by the Seascope brokered policy of insurance.

61.     Having been wrongfully deprived of the free use and disposal of the M/V SWIFT SPINDRIFT for a period of time in excess of six (6) months, SWIFT SPINDRIFT LTD., in compliance with the terms of the Seascope policy of insurance,

served a Notice of Abandonment on the Seascope Policy Underwriters, care of non-party Seascope Insurance Services, Ltd. on August 20, 2009. The Seascope Policy Defendants have wrongfully refused to accept the abandonment of the vessel pursuant to the terms of the policy of insurance. A true and correct copy of the Notice of Abandonment, dated August 20, 2009, is attached hereto and made part of the complaint as Exhibit "E".

62.     By reason of the foregoing the Seascope Policy Defendants each are liable to Plaintiff for the agreed policy value for the vessel in an aggregate amount of $9,900,000.00.

63.     Despite numerous requests by the plaintiff, the Seascope Policy Defendants have failed to investigate the Claim of Loss filed by plaintiff, have wrongfully failed to accept the Notice of Abandonment, and have neglected and/or otherwise wrongfully refused to pay the plaintiff the sum due and owing pursuant to the policy of Hull and Machinery, Increased Value, Anticipated Earnings and War Risk Insurance, Risk No. H01222/08/1.

64.     The Seascope Policy Defendants wrongful failure to pay plaintiff for a peril covered by the policy of insurance was and is a breach of the policy of Hull and Machinery, Increased Value, Anticipated Earnings and War Risk Insurance Risk No. H01222/08/1.

65.     A claim for breach of performance of a maritime contract is an obligation enforceable in admiralty.

66.     Wherefore plaintiff demands judgment against the Seascope Policy Defendants, for the policy agreed value of the vessel in the aggregate amount of

$9,900,000.00, plus all sue and labor expenses set forth herein, interest, costs and disbursements.

**AS AND FOR A SECOND CAUSE OF ACTION FOR BREACH OF THE
CONTRACT OF MARINE INSURANCE (SUE AND LABOR COSTS AND
EXPENSES INCURRED) AGAINST THE SEASCOPE POLICY
DEFENDANTS**

67.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "20" and "38" through "66" of the Verified Complaint, as though set forth at length herein.

68.     The policy of Hull and Machinery, Increased Value, Anticipated Earnings and War Risk Insurance Risk No. H01222/08/1 states, in relevant part, "And in the case of any Loss or Misfortune, it shall be lawful and necessary for the Assured, their factors, Servants and Assigns to sue, labor and travel for, in, and about the defense, safeguard and recovery of the Vessel, or any part thereof, without prejudice to this insurance, to the charges whereof the Underwriters will contribute their proportion as provided below. And it is expressly declared and agreed that no acts of the Underwriters or Assured in recovering, saving or preserving the Vessel shall be considered as a waiver or acceptance of abandonment." *See* Exhibit "D" at p. 27.

69.     The policy of Hull and Machinery, Increased Value, Anticipated Earnings and War Risk Insurance Risk No. H01222/08/1 further states, in relevant part, "In the event of expenditure under the Sue and Labor clause, the Underwriters shall pay the proportion of such expense that the amount insured hereunder bears to the Agreed Value, or that the amount insured hereunder (less loss and/or damage payable under this Policy) bears to the actual value of the salved property, whichever proportion shall be less;

14

provided always that their liability for such expenses shall not exceed their proportionate part of the Agreed Value." *See* Exhibit "D" at p. 27.

70.        As a result of the unlawful restraint and detention by the Libyan authorities, plaintiff, SWIFT SPINDRIFT LTD., has sued and labored to defend, safeguard and recover the M/V SWIFT SPINDRIFT for the benefit of the Seascope Policy Defendants.

71.        Plaintiff's actions to defend, safeguard and recover the vessel from November 23, 2008 to the present, have included: (a) payment of the wages of the detained crew; (b) supplying provisions to the vessel including, but not limited to fuel, diesel, water and victuals for the detained crew; (c) payment of management fees to the vessel's operator; (d) retaining and paying attorneys in the United States, United Kingdom and Libya to petition for release of the vessel; (e) payment of pilotage, vessel's agency, wharfage, and anchorage fees to ensure the vessel safely shifted, anchored and berthed while unlawfully restrained and detained in Libya; (f) payment of costs to repatriate the detained crew from Libya to their home country; and, (g) funding a US$1.6 million standby letter of credit to release the vessel from the Writ of Arrest.

72.        From November 23, 2008 to the present, SWIFT SPINDRIFT LTD. has spent, as best as can now be presently calculated, the amount of $3,972,629.03 to defend, safeguard and obtain the release of the M/V SWIFT SPINDRIFT all of which inured to the  benefit of the Seascope Policy Defendants.

73.        Having been wrongfully deprived of the free use and disposal of the M/V SWIFT SPINDRIFT for a period of time in excess of six (6) months, SWIFT SPINDRIFT LTD., in compliance with the terms of the policy of insurance, served a

Notice of Abandonment on the Seascope Policy Underwriters, care of Seascope

Insurance Services, Ltd. on August 20, 2009. *See* Exhibit "E". The Seascope Policy

Defendants have refused to accept the abandonment of the vessel.

74.     As a result of the Seascope Policy Defendants refusal to accept the Notice

of Abandonment, dated August 20, 2009, SWIFT SPINDRIFT LTD. has and will

continue to incur costs in the future to defend, safeguard and recover the vessel pursuant

to the terms of the policy of insurance for the benefit of the Seascope Policy Defendants.

75.     SWIFT SPINDRIFT LTD.'s efforts to defend, safeguard and recover the

M/V SWIFT SPINDRIFT have inured, and will continue to inure, to the benefit of the

Seascope Policy Defendants.

76.     By reason of the foregoing the Seascope Policy Defendants each are liable

to Plaintiff in an aggregate amount of $3,972,629.03 as best as same can be presently

calculated, and this sum will continue to increase in the future.

77.     The Seascope Policy Defendants have failed, neglected and/or otherwise

refused to pay the plaintiff the sum due and owing pursuant to the policy of Hull and

Machinery, Increased Value, Anticipated Earnings and War Risk Insurance, Risk No.

H01222/08/1, for the costs and expenses incurred by plaintiff to defend, safeguard and

recover the M/V SWIFT SPINDRIFT.

78.     The Seascope Policy Defendants failure to pay plaintiff for the cost

incurred to defend, safeguard and recover the M/V SWIFT SPINDRIFT was and is a

breach of the policy of Hull and Machinery, Increased Value, Anticipated Earnings and

War Risk Insurance Risk No. H01222/08/1.

79.     A claim for breach of performance of a maritime contract is an obligation enforceable in admiralty.

80.     Wherefore plaintiff demands judgment against the Seascope Policy Defendants for the sue and labor expenses to which it is entitled to under the policy of insurance in the aggregate amount of $3,972,629.03 as best as same can be presently calculated, plus interest, costs and disbursements.

**AS AND FOR A THIRD CAUSE OF ACTION FOR BREACH
OF THE CONTRACT OF MARINE INSURANCE AGAINST
THE B&P INTERNATIONAL POLICY DEFENDANTS**

81.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "4" and "21" through "50" of the Verified Complaint as though set forth at length herein.

82.     In December 2008, non-party B&P International, acted as broker for the procurement and placement of a policy of War Risk, Hull and Machinery, Materials, and Everything Connected Therewith Nothing Excluded Insurance, Cover Note No. GRA-1-09-0517, for the M/V SWIFT SPINDRIFT.

83.     On or about December 23, 2008, non-party B&P International, on behalf of the subscribing underwriters to such policy ("the B&P International Policy Defendants") executed and delivered to plaintiff, SWIFT SPINDRIFT LTD., policy of War Risk, Hull and Machinery, Materials, and Everything Connected Therewith Nothing Excluded Insurance, Cover Note No. GRA-1-09-0517, providing that in consideration of the payment of the premiums specified in the policy, defendants ROYAL & SUN ALLIANCE, ALLIANZ, BRIT INSURANCE- SYNDICATE 2987, LLOYD'S SYNDICATE 1414 RTH, ARGONAUT, GENERALI, NATIONAL LIABILITY AND

FIRE INSURANCE COMPANY, STARR MARINE AGENCY, NATIONAL UNION
FIRE INSURANCE COMPANY OF PITTSBURGH, PA, AIG GLOBAL MARINE,
RSA 3319, ALLIANZ GLOBAL CORPORATE & SPECIALITY AG,
ASSICURZAIONI GENERALI S.P.A. UK BRANCH, INTERNATIONAL GENERAL
INSURANCE CO. LTD., and, ARGONAUT INSURANCE CO., insured the M/V
SWIFT SPINDRIFT for an agreed value of $9,281,250.00.

84.      The policy of War Risk, Hull and Machinery, Materials, and Everything
Connected Therewith Nothing Excluded Insurance, Cover Note No. GRA-1-09-0517
covered the M/V SWIFT SPINDRIFT from January 1, 2009 to December 31, 2009.

85.      The policy of War Risk, Hull and Machinery, Materials, and Everything
Connected Therewith Nothing Excluded Insurance, Cover Note No. GRA-1-09-0517 is a
maritime contract. A true and correct copy of this Cover Note for this contract of marine
insurance is attached to and made part of the complaint as Exhibit "F".

86.      The policy of War Risk, Hull and Machinery, Materials, and Everything
Connected Therewith Nothing Excluded Insurance, Cover Note No. GRA-1-09-0517
states, in relevant part, "In the event that the vessel shall have been the subject of capture,
seizure, arrest, restraint, detainment, confiscation, [appropriation, detention,] or
expropriation, and the Assured, by reason thereof, has lost the free use and disposal of the
Vessel for  a continuous period of [six (6) months] (even though condemnation has not
occurred), then for the purposes of ascertaining whether the Vessel is a constructive Total
Loss, the Assured shall be deem to have been deprived of the possession of the Vessel
without any likelihood of recovery." *See* Exhibit "F", at p. 25, 29 - 30.

18

87.     The M/V SWIFT SPINDRIFT has been restrained and detained by the Libyan authorities since November 23, 2008, and continues to be unlawfully restrained and detained by such authorities.

88.     Despite the posting of the irrevocable standby letter of credit as ordered by the North Tripoli Court of First Instance, the M/V SWIFT SPINDRIFT has not been released, and the vessel remains unlawfully restrained and detained in Libya by the Libyan authorities.

89.     At the time the M/V SWIFT SPINDRIFT was unlawfully restrained and detained, and at all relevant times thereafter, plaintiff, SWIFT SPINDRIFT LTD., had duly paid all the premiums in accordance with the terms of the B&P International brokered policy, and the policy was in full force and effect.

90.     The M/V SWIFT SPINDRIFT was unlawfully restrained and detained for a period in excess of six (6) months, a peril covered by the policy of insurance.

91.     Having been wrongfully deprived of the free use and disposal of the M/V SWIFT SPINDRIFT for a period of time in excess of six (6) months, SWIFT SPINDRIFT LTD., in compliance with the terms of the policy of insurance, served a Notice of Abandonment on the B&P International Policy Defendants, care of non-party B&P International on August 6, 2009. The B&P International Policy Defendants have refused to accept the abandonment of the vessel pursuant to the terms of the policy of insurance. A true and correct copy of the Notice of Abandonment, dated August 6, 2009, is attached to and made part of the complaint as Exhibit "G".

92.      By reason of the foregoing, the B&P International Policy Defendants each are liable to Plaintiff for policy agreed value of the vessel in an aggregate amount of $9,281,250.00.

93.      The B&P International Policy Defendants have failed, neglected and/or otherwise refused to pay the plaintiff the sum due and owing pursuant to the policy of War Risk, Hull and Machinery, Materials, and Everything Connected Therewith Nothing Excluded Insurance, Cover Note No. GRA-1-09-0517.

94.      The B&P International Policy Defendants failure to pay plaintiff for a peril covered by the policy of insurance was and is a breach of the policy of War Risk, Hull and Machinery, Materials, and Everything Connected Therewith Nothing Excluded Insurance, Cover Note No. GRA-1-09-0517.

95.      A claim for breach of performance of a maritime contract is an obligation enforceable in admiralty.

96.      Wherefore plaintiff demands judgment against the B&P International Policy Defendants, for the policy agreed vessel value in the aggregate amount of $9,281,250.00, plus all sue and labor expenses set forth herein, interest, costs and disbursements.

**AS AND FOR A FOURTH CAUSE OF ACTION FOR BREACH OF THE
CONTRACT OF MARINE INSURANCE (SUE AND LABOR COSTS AND
EXPENSES INCURRED) AGAINST THE  B&P POLICY DEFENDANTS**

97.      Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "4" and "21" through "50" and "81" through "96" of the Verified Complaint as though set forth at length herein.

98.     The B&P International brokered policy of War Risk, Hull and Machinery, Materials, and Everything Connected Therewith Nothing Excluded Insurance, Cover Note No. GRA-1-09-0517 states, in relevant part, "And in the case of any Loss or Misfortune, it shall be lawful and necessary for the Assured, their factors, Servants and Assigns to sue, labor and travel for, in, and about the defense, safeguard and recovery of the Vessel, or any part thereof, without prejudice to this insurance, to the charges whereof the Underwriters will contribute their proportion as provided below. And it is expressly declared and agreed that no acts of the Underwriters or Assured in recovering, saving or preserving the Vessel shall be considered as a waiver or acceptance of abandonment." *See* Exhibit "F" at p. 19.

99.     The policy of War Risk, Hull and Machinery, Materials, and Everything Connected Therewith Nothing Excluded Insurance, Cover Note No. GRA-1-09-0517 further states, in relevant part, "In the event of expenditure under the Sue and Labor clause, the Underwriters shall pay the proportion of such expense that the amount insured hereunder bears to the Agreed Value, or that the amount insured hereunder (less loss and/or damage payable under this Policy) bears to the actual value of the salved property, whichever proportion shall be less; provided always that their liability for such expenses shall not exceed their proportionate part of the Agreed Value." *See* Exhibit "F" at p. 19.

100.    As a result of the unlawful restraint and detention by the Libyan authorities, plaintiff, SWIFT SPINDRIFT LTD., has sued and labored to defend, safeguard and recover the M/V SWIFT SPINDRIFT for the benefit of the B&P International Policy Defendants.

101.     Plaintiff's actions to defend, safeguard and recover the vessel from January 1, 2009 to the present, have included: (a) payment of the wages of the detained crew; (b) supplying provisions to the vessel including, but not limited to fuel, diesel, water and victuals for the detained crew; (c) payment of management fees to the vessel's operator; (d) retaining and paying attorneys in the United States, United Kingdom and Libya to petition for release of the vessel; (e) payment of pilotage, vessel's agency, wharfage, and anchorage fees to ensure the vessel safely shifted, anchored and berthed while unlawfully restrained and detained in Libya; (f) payment of costs to repatriate the detained crew from Libya to their home country; and, (g) funding a US$1.6 million standby letter of credit to release the vessel from the Writ of Arrest.

102.     From January 1, 2009 to the present, SWIFT SPINDRIFT LTD. has spent, as best as can now be presently calculated, the amount of $3,956,798.03 to defend, safeguard and obtain the release of the M/V SWIFT SPINDRIFT for the benefit of the B&P International Policy Defendants.

103.     Having been wrongfully deprived of the free use and disposal of the M/V SWIFT SPINDRIFT for a period of time in excess of six (6) months, SWIFT SPINDRIFT LTD., in compliance with the terms of the policy of insurance, served a Notice of Abandonment on the B&P International Policy Underwriters, care of non-party B&P International on August 6, 2009. *See* Exhibit "G". The B&P International Policy Defendants have refused to accept the abandonment of the vessel pursuant to the terms of the policy of insurance.

104.     As a result of the B&P International Policy Defendants refusal to accept the Notice of Abandonment, dated August 6, 2009, SWIFT SPINDRIFT LTD. has and

will continue to incur costs in the future to defend, safeguard and recover the vessel pursuant to the terms of the policy of insurance for the benefit of the B&P International Policy Defendants.

105.     SWIFT SPINDRIFT LTD.'s efforts to defend, safeguard and recover the M/V SWIFT SPINDRIFT have inured, and will continue to inure, to the benefit of the B&P International Policy Defendants.

106.     By reason of the foregoing the B&P International Policy Defendants each are liable to Plaintiff in an aggregate amount of $3,956,798.03, as best as same can be presently calculated, and this sum will continue to increase in the future.

107.     The B&P International Policy Defendants have failed, neglected and/or otherwise refused to pay the plaintiff the sum due and owing pursuant to the policy of War Risk, Hull and Machinery, Materials, and Everything Connected Therewith Nothing Excluded Insurance, Cover Note No. GRA-1-09-0517, for the costs and expenses incurred by plaintiff to defend, safeguard and recover the M/V SWIFT SPINDRIFT.

108.     The B&P International Policy Defendants failure to pay plaintiff for the cost incurred to defend, safeguard and recover the M/V SWIFT SPINDRIFT was and is a breach of the policy of War Risk, Hull and Machinery, Materials, and Everything Connected Therewith Nothing Excluded Insurance, Cover Note No. GRA-1-09-0517.

109.     A claim for breach of performance of a maritime contract is an obligation enforceable in admiralty.

110.     Wherefore plaintiff demands judgment against the B&P International Policy Defendants for the sue and labor expenses to which it is entitled to under the

policy of insurance in the aggregate amount of $3,956,798.03, as best as same can be presently calculated, plus interest, costs and disbursements.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

A.      That the Defendants be summoned to appear and answer this Verified Complaint;

B.      That a Judgment be entered in favor of Plaintiff against the Seascope Policy Defendants for the agreed policy value of the vessel in the aggregate amount of $9,900,000.00, together with interest, cost and disbursements;

C.      That a Judgment be entered in favor of Plaintiff against the Seascope Policy Defendants for all sue and labor expenses and costs incurred by Plaintiff to defend, safeguard and recover the M/V SWIFT SPINDRIFT from its unlawful restraint and detention by Libyan authorities commencing on November 23, 2008 until the conclusion of this action, as presently can be reasonably calculated, in the amount of $3,972,629.03, together with interest, cost and disbursements;

D.      That a Judgment be entered in favor of Plaintiff against the B&P International Policy Defendants for the agreed policy value of the vessel in the aggregate amount of $9,281,250.00, together with interest, cost and disbursements;

E.      That a Judgment be entered in favor of Plaintiff against the B&P International Policy Defendants for all sue and labor expenses and costs incurred by Plaintiff to defend, safeguard and recovery the M/V SWIFT SPINDRIFT from the unlawful restraint and detention by Libyan authorities commencing on January 1, 2009

until the conclusion of this action, as presently can be reasonably calculated, in the

amount, $3,956,798.03, together with interest, cost and disbursements; and,

       F.     Plaintiff have such other and further relief as the Court may determine to

be just and proper under the circumstances.

Dated: Port Washington, New York
      November 10, 2009       CHALOS, O'CONNOR & DUFFY, LLP
                                  Attorneys for Plaintiff,
                                  SWIFT SPINDRIFT LTD.

                     By:

                          Michael G. Chalos (MC-3939)
                          Brian T. McCarthy (BM-4808)
                          366 Main Street
                          Port Washington, New York 11050
                          Tel: (516) 767-3600
                          Fax: (516) 767-3605
                          Email: mchalos@codus-law.com
                                      bmccarthy@codus-law.com

25